## Henrietta L. Yeatman et al. *v.* Mary McDonald.

[Abstract Kentucky Law Reporter, Vol. 4—348.]

**Title by Adverse Possession.**

Where real estate is purchased by a husband and paid for by his wife, and the husband died in 1858, and from that date as well as

before the widow claimed the absolute ownership of the property and was in the absolute and exclusive possession of it uninterruptedly under such claim, and made valuable and lasting improvements on it, and continued to so claim such ownership until her death in 1874, which was more than fifteen years after her husband's death, her title by adverse possession was good and could not be disturbed by the claims of her husband's heirs.

## APPEAL FROM FLEMING CIRCUIT COURT.

### October 12, 1882.

OPINION BY JUDGE HARGIS:

Henry L. Yeatman was married five times. By some of his first four wives he had children, who are the appellants. By his last wife, who had one child, the appellee, by a former husband, he had no children. They married about 1830. In 1844 Thomas R. Botts conveyed to him a house and lot in Flemingsburg for the sum of $450, which was handed in person by Yeatman to Botts. In the year 1850, Yeatman in consideration of love and affection deeded a part of the lot to the appellee and she accepted the deed. From that time it appears that his step-daughter, the appellee, cared for and boarded him and her mother, contributing in a great measure to their comfort and maintenance.

Yeatman died in 1858. From that date his widow claimed and occupied the house and lot as her property. Her claim and occupancy appear to have been open and hostile up to her death in 1874, a period of more than fifteen years. The appellee occupied the property with her, and in view of the character of her claim and the fact that she was her only child and would be in all probability her only heir, she made lasting improvements on the house of the value of near $500 and with much affection cared for her mother, who had lived to an old and very decrepit age. At her mother's death the appellee continued in the possession, claiming the property as her own until 1875, when she brought this suit to quiet her title.

The appellants were made defendants, they having set up claim to the property as the heirs of Henry L. Yeatman and dis-

turbed the appellee's title. The appellee relied upon an adverse holding, by herself and mother, of over fifteen years and alleged that a trust had resulted in favor of her mother, who paid the consideration for the house and lot at the time of its purchase from Botts. These allegations were denied by appellants, who rested their defense upon the legal title conveyed by Botts to their ancestor. Judgment was rendered in favor of appellee, quieting her title, and the appellants bring this appeal here for rescission.

The evidence proves that Mrs. Yeatman was an industrious woman, that she made money by knitting shirts, socks, etc., and received from the state of Connecticut, where she was born, a sum of money through Senator Sherman, and that her husband admitted that her money paid for the lot. The aggregate force of the evidence is very strong in behalf of the appellee's claim that her mother's money paid for the lot, but her acceptance of a deed for a part of the lot in 1850 when they were all living together shows that they must have known at least from that period that the deed was made to Yeatman by Botts. But whether or not an acquiescence by Mrs. Yeatman while she was laboring under the disability of marriage would justify the inference that the deed was made to her husband with her consent, still the fact that she did furnish the money to pay for the lot, and often claimed during his lifetime that it was hers on that account, is potent in support of the existence of an adverse holding by her from the death of her husband. It was natural for her to claim that the lot was her's absolutely when she had furnished the money that bought it. When it is considered that the appellants made no objection to her claim for over fifteen years its hostile character can not be doubted, and we are constrained to hold that her title was perfected before she died by the lapse of time which bars the appellants' claim to the house and lot as the heirs of Henry L. Yeatman. Wherefore the judgment is *affirmed*.

*E. W. Hawkins, A. T. Root, for appellants.*

*W. H. Cord, for appellee.*

[Cited, *Reno v. Blackburn,* 24 Ky. L. 1976, 72 S. W. 775.]